

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1067-10

**WALTER BRUCE CORNET, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE EIGHTH COURT OF APPEALS
## EL PASO COUNTY

COCHRAN, J., filed a dissenting opinion in which MEYERS, KEASLER and HERVEY, JJ., joined.

### DISSENTING O P I N I O N

I respectfully dissent. Appellant's written statement asserts that he just wanted to "examine" his eight-year-old stepdaughter because

> she had secrets which I believed were sexual in nature and she came into my bedroom with only a dress on and no underwear. She lifted her dress to me and exposed herself when I noticed that she was not wearing underwear. She showed me her rear-end and I noticed that she covered her vaginal area with her hand. This made me want to examine her to see if she had any physical evidence of sexual contact or injury.

This sort of "checking out" the sexual status of an eight-year-old girl by a step-father on his bed is surely not the type of "medical care" envisioned by the Texas Legislature when it enacted this defense to sexual assault and aggravated sexual assault. Here is the "medical" examination scenario as presented through appellant's written statement:

> I laid her down on the bed in my master bedroom and proceeded to examine her. I did it in a playful manner, basically telling her how to do it to keep from alarming her. I had her spread her legs while she was on her stomach while I opened her buttocks to check her anus and labia. I visually inspected her genital area and remember my fingers getting wet when they may have- which she may have thought was my licking [her] anus. My fingers made contact with her anus but it was only during the time that I was examining her. There was no intent for any sexual gratification.

If this description meets any common-sense description of accepted or acceptable medical care, the children of Texas are in big trouble. Never mind that there was not a scintilla of evidence that appellant had any medical training, medical expertise, or that this "home exam" methodology was accepted by any medical provider anywhere as an acceptable one. There is no legal defense to sexual assault for a step-father, friend, priest, or big brother to "check out" the situation by penetrating the anus and genitals of a child because that child had told him that she had had sex with someone and this "concerned" him. Nor was there any testimony that the type of examination performed by appellant would have any success in determining whether the child had, in fact, had sex with anyone. The cases are legion in which medical providers testify that they have found no evidence of sexual assault in their physical examinations of a child, but that does not mean that the child has not been

molested.[1]

When asserting a "medical care" defense, the defendant bears the burden of offering some evidence that his conduct was, in fact, a legitimate, accepted medical methodology.[2] Before a trial judge is required to instruct on a lesser-included offense or a defense to prosecution, there must be evidence in the record that raises that lesser offense or that defense as a valid, rational alternative to the charge.[3] As we explained in *Shaw v. State*,[4]

---

[1] *See, e.g., Reckart v. State*, 323 S.W.3d 588, 592 (Tex. App.–Corpus Christi 2010, pet ref'd) (sexual-assault nurse-examiner who conducted examination of child found no physical evidence of assault, but noted "that in eighty percent of examinations, there is no physical trauma discovered."); *Bargas v. State*, 252 S.W.3d 876, 885 (Tex. App.– Houston [14th Dist.] 2008, no pet.) (sexual-assault nurse-examiner who found no evidence of physical trauma, "explained that the absence of medical evidence in examinations of sexually abused child victims is common."); *Carty v. State*, 178 S.W.3d 297, 304 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (in child-sexual-abuse trial, doctor testified that "most sexually abused children do not exhibit any physical evidence of the assault—even while the abuse is ongoing"); *Peak v. State*, 57 S.W.3d 14, 17 (Tex. App–Houston [14th Dist.] 2001, no pet.) (doctor testified that a person probing with his finger to see if a girl's hymen is ruptured to determine pregnancy "would not, under any medical standard, qualify as medical care"); *Heslop v. State*, No. 11-09-00226, 2011 WL 2175873, *2 (June 2, 2011) (not designated for publication) ("Dr. Sims explained that no physical evidence of sexual abuse is found in ninety percent of cases in which a child is not examined within twenty-four hours after the sexual abuse occurred. She said that vaginal injuries to young girls heal very rapidly.").

[2] Of course, some medical treatments are so widely known and practiced–*e.g.*, rubbing cream on a diaper rash, examining various body parts for boils, bruises, or cuts–that a defendant need not offer any medical testimony concerning their practice and efficacy.  But an examination of this sort–including its time, place, manner, and person–is so far outside a jury's and reasonable person's understanding of accepted and acceptable "medical care," that some testimony as to its medical appropriateness should be necessary to invoke this statutory defense.

[3] *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007) (before a defendant is entitled to a charge on a lesser-included offense, "the evidence must establish the lesser-included offense as 'a valid, rational alternative' to the charged offense").

[4] 243 S.W.3d 647 (Tex. Crim. App. 2007).

a defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true. In determining whether a defense is thus supported, a court must rely on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven. If a defense is supported by the evidence, then the defendant is entitled to an instruction on that defense, even if the evidence supporting the defense is weak or contradicted, and even if the trial court is of the opinion that the evidence is not credible. But the evidence must be such that it will support a rational jury finding as to each element of the defense.[5]

Thus, before appellant would be entitled to an instruction on the "medical care" defense, the trial court, and any reviewing court, must conclude that, if the defendant's version of events is believed, he is entitled to an acquittal. Is the Court really saying that if the Archangel Gabriel comes down and verifies that appellant is telling the absolute truth, his conduct, as a matter of law, constitutes the type of "medical care" exception that the Legislature enacted to exculpate a person from penetrating a child's anus or vagina? I do not think so. I think that appellant's defense fails as a matter of law.

I respectfully dissent.

Filed: January 25, 2012
Publish

---

[5] 657-58.